## LONG ISLAND R. CO. v. SILVERSTONE et al.

(Supreme Court, General Term, Second Department. May 9, 1892.)

EXTENDING STREET ACROSS RAILROAD TRACKS—INJUNCTION.

An injunction will not lie to restrain the city of Long Island City, from opening streets laid out under its charter (Laws 1870, c. 719, as amended by Laws 1871, cc. 461, 765,) across a railroad track within its limits, after 30 days' notice to the railroad company, pursuant to Laws 1853, c. 62, authorizing cities to lay out highways across railroad tracks, without compensation, upon such notice.

Appeal from special term, Queens county.

Action by the Long Island Railroad Company against Joseph Silverstone, Long Island City, and Patrick J. Harrigan, as commissioner of public works for Long Island City, to enjoin defendants from removing fences along the line of plaintiff's road, where they cross city highways. From an order denying a motion for an injunction order, and dismissing a preliminary injunction theretofore granted, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT. JJ.

E. B. Hinsdale, (William J. Kelly, of counsel,) for appellant. Levy, Friend & House, (Frederick B. House, of counsel,) for respondent Silverstone. Walter J. Foster, for respondents Long Island City and another:

BARNARD, P. J. The defendant Long Island City is the owner of the fee of the lands within Van Pelt street, Harold avenue, and Bragaw street. These streets have not been actually opened across the track of the Long Island Railroad, but the history of the proceedings up to the filing of the complaint, however, is as follows: The city was incorporated by chapter 719, Laws 1870, and amended by chapter 461, Laws 1871, and chapter 765, Laws 1871. By this last act the legislature appointed a commission to lay out streets in Long Island City, and file maps showing their act in respect thereto. The commissioners did their duty under the law, and the three streets above named were laid out on the map. The owner of the land within the streets executed deeds to the city in July, 1891, which was provided for by the city charter. Chapter 461, Laws 1871, tit. 3, c. 2, § 19. In August, 1891, the common council directed the streets opened for public use across the land of the railroad company, plaintiff, and notice was given by the city to the railroad company to cause the street to be taken across the tracks. The street is open, and worked up to the railroad limits. The city was authorized to open the streets by its charter. The owners of the land consented, and deeded the land to the city. By chapter 62, Laws 1853, any city, village, or town may lay out, without compensation, a highway across a railroad track upon a notice of 30 days to the railroad company of the laying out of the road. The papers do not show that the land was acquired or is used except as a track, which the authorities may cross without compensation. Railroad Co. v. Brownell, 24 N. Y. 345. The defendants are all acting under the Long Island City street opening. The order denying an injunction should therefore be affirmed, with costs and disbursements. All concur.